Good morning and welcome to the Ninth Circuit. We also welcome the students from Lewis and Clark Law School who are here with us this morning. The first case for argument this morning is United States v. Raymond, and we have submitted on the brief a related case of Raymond v. Samuelson. Let me also just say that we would like to welcome Judge Huck, who is here from Florida, sitting with us by designation, as he has on a number of occasions, so we welcome you. I came up here for the warm weather. You may proceed. Good morning. May it please the Court. My name is Christina Neal, and I represent the petitioner Brogan Raymond. This case is about Mr. Raymond's opportunity, his one full opportunity to pursue his writ of habeas corpus. The issue in this matter is whether Mr. Raymond's Pro Se 2255 petition, filed on March 23, 2018, is a second or successive petition. As this Court is aware, the phrase second or successive petition is a term of art. Mr. Raymond's habeas journey began in 2016 when he filed a 2255 motion challenging his base level offense. Since this motion was based on Johnson, the district court on its own stayed the matter while Beckles v. United States was pending. When Beckles was decided and the matter was no longer stayed, Mr. Raymond voluntarily filed a notice of dismissal of the petition, pursuant to Rule 41A1A1 of the Rules of Civil Procedure. Mr. Raymond's voluntarily dismissed his petition, I think most notably before any government filing, or the government had taken any stance in the matter, before the court took any substantive action, and without any concession of defeat. Let me ask you this. As the Seventh Circuit said in Potts, didn't he recognize with his counsel's assistance that his petition was doomed? Your Honor, with regard to Potts, I think that the record is somewhat, it's at least not nonambiguous to whether Mr. Raymond would have recognized that it was doomed. The notice of voluntarily dismissal doesn't indicate it, just says that he's withdrawing it because he no longer wishes to pursue. And why would he serendipitously at that moment, after Beckles came down, is there any other reason to withdraw the motion? Your Honor, I think that's, there just isn't any support in the record of why Mr. Raymond would have filed the notice to withdraw that motion. I mean, the timing within Beckles is there, but I still think on the record there is not. You don't suggest that there was any procedural problems with the petition, do you? No, Your Honor. And you don't suggest that there were other issues that were lurking in the background or, you know, something else that was going on that may have led him to dismiss the petition? Your Honor, I think the record at least is silent as to what his reason would be. Well, when you read the petition, the petition's only about Johnson and Welch and whatnot. The initial filing that Mr. Yes. That's correct. It was only specifically dealing with his Johnson issue. What is distinguishing here, it seems to me, is that he had counsel. And were he pro se and he hadn't yet made his other claims, maybe it would be in a different posture. But I would appreciate your comments on the fact that he had this counseled petition and whether that makes a difference. And I think that's none of the cases, for example, Ty v. United States and Garrett v. United States, those were pro se filers, but there wasn't dispositive in those cases that it was a pro se filer. And in this particular situation, in the notice of the withdrawal, there's no explicit indication from Mr. Raymond's counsel that he had actually was able to confer with Mr. Raymond before filing it. He indicates in the previous filing that he was attempting to, but there's not necessarily an affidavit from counsel saying that he had contacted Mr. Raymond. The timeline is let's wait to see what the Supreme Court does in Beckles. And they waited. And then Beckles came out and pretty much doomed the Johnson claim, right? And since there was counsel there, counsel had it seemed to be an ethical obligation not to proceed in a case that he knew was frivolous. It just seemed to fall. And does the district court have the right to make, to draw reasonable inferences from all these facts? I think the district court would have that right, but I think also imperative is that there hadn't been a government filing and there hadn't been any type of substantive ruling by the district court at the time. But if the district judge has a right to draw reasonable inferences, then you would have to show that he abuses discretion in drawing those inferences. And I don't see that even argued, much less supported. Well, I think the fact that there just isn't in the record, the record is nonambiguous or ambiguous as to what Mr. The notice of withdrawal is just absent. And that contrasts, for example, the Felder case where the attorney had, there had actually been a hearing set, and at that time the attorney was unable to obtain affidavits and explicitly in the notice of withdrawal or the motion to withdraw explicitly indicated that the reason was because of the affidavits and that she was no longer able to meet that burden of persuasion. And that type of explicit language is missing in the notice that was filed by Mr. Raymond's counsel. Well, it's not explicit, but is it not the equivalent of saying we give up because of Beckles? And I think that's, I don't know if it necessarily is the equivalent. It's a silent record as to the reason and what's being filed in that notice. And if you look at Ty versus United States, and I recognize that that's a pro se filing, the reason that that individual indicates is that he had filed with unsound legal arguments coming out of a jailhouse informant. And the Court still said that the record did not unambiguously indicate that his petition was completely lacking merit. No, it said that the pleadings were deficient. In other words, if it were represented by counsel, counsel would go back and file an amended complaint. That seems to be the suggestion here, as in Garrett, that it was inarticulately drawn. But he didn't speak English well in the Ty case, and that was mentioned, was it not? That was mentioned, Your Honor. That is accurate. And I guess the record's just silent as to what the conversations between Mr. Raymond and his counsel had been at the time that he did the notice of withdrawal. Of course, that, the record is silent, but it could have been supplemented or we could have declarations, could we not? And then we would know the answer? That's correct, Your Honor. But neither he nor his counsel decided to put that declaration on the record, correct? That's correct, Your Honor. All right. I think given that this was his one opportunity, that there has not been any type of a district court ruling or decision on the merits, we would argue that the district court erred in dismissing this as a second or successive petition. Thank you, Your Honors. Thank you. Thank you. Good morning, Your Honors. Ryan Weldon appearing on behalf of the United States. I wanted to start with the reasons for the withdrawal and just give the court a brief timeline unless there were any other questions. But I think that the reasons matter, and I think you can see that in the record just because of the timing. So I'll start with we have the first petition that was filed on June 24th of 2016. That's in the record at ER 33. Then you have the Beckles decision, where certainly there is the Beckles petition for a writ that was filed. And so the court orders a response on June 27th of 2016, and then the same day that the U.S. Supreme Court agrees to hear the case in Beckles. And so then three days later, there actually is the notice that the court says that this is going to be stayed, and then 14 days thereafter we can make a determination as to how we're going to proceed with Mr. Raymond's petition. Then we ultimately have the decision from Beckles that comes out on March 6th of 2017. And then eight days later, we have Mr. Raymond through counsel filing a motion asking that the case be deferred for a ruling. And in that, I think that that's important, the language that counsel uses, because I know he doesn't say we're going to lose the petition, but he concedes, and I think rightfully so, that Beckles has decided the issue. And he says on March 6th, 2017, the Supreme Court issued its decision in Beckles. In Beckles, the court held that the advisory sentencing guidelines are not susceptible to a vagueness challenge under Johnson. That is the exact purpose behind Mr. Raymond's petition. So that is the concession in defeat. Then the petition is withdrawn at that point. And so we have to. Before that, he said, I'd like some time to talk to my client. Having made that representation, then came back and dismissed. That's correct, Your Honor. Yes, he wanted time to speak to Mr. Raymond at that point, and then it was ultimately withdrawn. And I think the whole idea behind it is we want to make sure that Mr. Raymond has the opportunity to present a writ, to proceed through 2255 proceedings, but we want him to put everything together so that it's one petition that is filed, and he could have amended, he could have done multiple different things through counsel. He didn't do that, and now he then files an additional petition. Do you think it makes a difference that he's represented by counsel? I do, Your Honor. I think that it makes your decision as a court much easier. We did cite in our brief the Ramos decision from the Tenth Circuit. I realize that that's unpublished. But in that case, the defendant was actually not represented by counsel. So the Tenth Circuit ultimately said, though, that since there was a specific concession of defeat, then that was sufficient for us to then move into that second or successive petition. Here I actually think it makes your job much easier because you have an individual who is represented by counsel. I think if Mr. Raymond had not been represented by counsel, we might be in a different scenario. Okay. Thank you. The other thing I wanted the Court just to be aware of is we're in the awkward position that this is really the first time the United States has appeared on the matter. We haven't even had the opportunity to present. We understand. Yes. We haven't even had the opportunity to present other defenses that we might have, and so I just wanted the Court to be aware of that. We have the second or successive petition hurdle that I think is very difficult for the defendant, but keep in mind there are other hurdles and procedural defenses that we have yet been able to present. Thank you. All right. Thank you for your time. You have some rebuttal time if you'd like it. I would like to stress a point. Thank you. I'd like to thank both of you for the argument this morning and also for coming over from Montana. The case of United States v. Raymond is submitted.
judges: McKeown, Paez, Huck